**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

─────────────

**No. 12-1777**

─────────────

ISLAND CREEK COAL COMPANY,

        Petitioner,

     v.

CARLES DYKES; DIRECTOR, OFFICE OF WORKERS' COMPENSATION PROGRAMS, UNITED STATES DEPARTMENT OF LABOR,

        Respondents.

─────────────

On Petition for Review of an Order of the Benefits Review Board. (11-0558-BLA)

─────────────

Submitted: May 11, 2015           Decided: May 21, 2015

─────────────

Before NIEMEYER, AGEE, and DIAZ, Circuit Judges.

─────────────

Petition denied by unpublished per curiam opinion.

─────────────

George E. Roeder, III, Kathy L. Snyder, JACKSON KELLY PLLC, Morgantown, West Virginia, for Appellant. Joseph E. Wolfe, Ryan C. Gilligan, WOLFE, WILLIAMS, RUTHERFORD & REYNOLDS, Norton, Virginia; M. Patricia Smith, Solicitor of Labor, Rae Ellen James, Associate Solicitor, Sean G. Bajkowski, Helen H. Cox, UNITED STATES DEPARTMENT OF LABOR, Washington, D.C., for Respondents.

─────────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Island Creek Coal Company (employer) seeks review of the Benefits Review Board's (Board) decision and order affirming the administrative law judge's (ALJ) award of black lung benefits to Carles Dykes pursuant to 30 U.S.C. §§ 901-945 (2012). This case was held in abeyance pending our decisions in Hobet Mining LLC v. Epling, 783 F.3d 498 (4th Cir. 2015), and W. Va. CWP Fund v. Bender, 782 F.3d 129 (4th Cir. 2015).

The ALJ found that Dykes worked for more than fifteen years in underground coal mine employment and that he was totally disabled from a respiratory standpoint, and invoked the statutory presumption that Dykes was totally disabled due to pneumoconiosis. 30 U.S.C. § 921(c)(4) (2012). The ALJ considered employer's rebuttal evidence and found that it failed to rebut the existence of legal pneumoconiosis and failed to rule out pneumoconiosis as a cause of Dykes' disability. Because the presumption applied and was not rebutted, the ALJ awarded benefits. The Board affirmed, and employer timely petitioned for review.

Employer does not assert that the ALJ erred in invoking the § 921(c)(4) presumption. Instead, employer first argues that the ALJ and BRB impermissibly limited its rebuttal of the statutory presumption to the two methods in the statute that specifically govern rebuttal by the Secretary of Labor, in

2

contravention of Usery v. Turner Elkhorn Mining Co., 428 U.S. 1 (1976). Employer also argues that the ALJ erred in applying the "rule out" standard to its attempt to rebut the presumption. See 20 C.F.R. § 718.305(d) (2014).

In Bender, this court recently considered and rejected arguments identical to employer's. The Bender court concluded "that Section 921(c)(4) is silent regarding the standard that an operator must meet to rebut the presumption." Bender, 782 F.3d at 138. Thus, the Department of Labor (DOL) possessed the authority to promulgate regulations establishing the applicable standard. Id. The court rejected the argument that the Supreme Court's decision in Usery usurped the DOL's regulatory authority. Id. at 138-40. Further, the court held "that the rule-out standard set forth in Section 718.305(d) is a reasonable exercise of the agency's authority under Chevron,[*] and lawfully applies to coal mine operators as well as to the Secretary." Id. at 143. Accordingly, coal mine operators may rebut the 15-year presumption of total disability "only by proving that 'no part of the miner's respiratory or pulmonary total disability was caused by pneumoconiosis.'" Id. (quoting 20 C.F.R. § 718.305(d)). Employer's arguments regarding the

---

[*] Chevron v. Nat'l Res. Def. Council, 467 U.S. 837 (1984).

3

available methods of rebuttal and the rule out standard are therefore without merit.

Employer also argues that the ALJ erred in considering the physicians' opinions and therefore her finding that employer failed to rebut the presumption is not supported by substantial evidence. The ALJ found that the x-ray evidence rebutted the existence of clinical pneumoconiosis. The ALJ summarized the opinions of the four doctors who examined Dykes, and concluded that the evidence supported a finding that Dykes suffered from bronchial asthma. Considering the medical opinions offered by employer in rebuttal of the presumption, the ALJ found that Doctors Fino and Castle failed to explain how coal mine dust exposure could be excluded as a causative factor in the development of asthma. The ALJ thus concluded that employer failed to rebut the existence of legal pneumoconiosis.

The ALJ also found that employer failed to rule out pneumoconiosis as a cause of Dykes' disability. The ALJ noted that Doctors Agarwal and Baker found that Dykes' respiratory impairment was caused by exposure to coal dust. Addressing the opinions of employer's physicians, the ALJ found that "Dr. Fino conceded that a portion of the Claimant's impairment was likely attributable to his coal mine employment. Although Dr. Castle disagreed, he did not provide support for his conclusion that he

4

could rule out the contribution by coal mine dust to the Claimant's disability." (J.A. 44).

This court reviews decisions of the Board to determine whether the Board properly found the ALJ's decision supported by substantial evidence and in accordance with law. Consolidation Coal Co. v. Held, 314 F.3d 184, 186 (4th Cir. 2002). In making this determination, the court conducts an independent review of the record to decide whether the ALJ's findings are supported by substantial evidence. Dehue Coal Co. v. Ballard, 65 F.3d 1189, 1193 (4th Cir. 1995). Substantial evidence is more than a scintilla, but only such evidence that a reasonable mind could accept as adequate to support a conclusion. Lane v. Union Carbide Corp., 105 F.3d 166, 170 (4th Cir. 1997). Subject to the substantial evidence requirement, the ALJ has the sole authority to make credibility determinations and resolve inconsistencies or conflicts in the evidence. Grizzle v. Pickands Mather & Co., 994 F.2d 1093, 1096 (4th Cir. 1993). "As long as substantial evidence supports an ALJ's findings, we must sustain the ALJ's decision, even if we disagree with it." Harman Mining Co. v. Dir., Office of Workers' Comp. Programs, 678 F.3d 305, 310 (4th Cir. 2012) (internal quotation marks and brackets omitted).

Employer argues that the ALJ erred in applying selected passages of the Preamble to the 2000 amendments to the black

5

lung benefits regulations to discredit Dr. Fino's opinion. The ALJ noted that Dr. Fino opined that Dykes had only minimal respiratory obstruction that was not disabling when he left the mines in 1994. The ALJ then stated:

> To the extent that Dr. Fino may be suggesting that, because Claimant was not disabled after leaving the coal mines, his present disability is unrelated to coal mine employment, his opinion is at odds with the Department of Labor's findings that pneumoconiosis is a progressive disease that can worsen after cessation of coal mine dust exposure. 20 C.F.R. § 718.201(c). Indeed, in the Preamble to the amended regulations, the Department of Labor specifically rejected Dr. Fino's position that pneumoconiosis was not progressive. See Preamble, Regulations Implementing the Federal Coal Mine Health and Safety Act of 1969, 65 Fed. Reg. 79920, 79969-79971 (Dec. 20, 2000).

(J.A. 41). Employer argues that the ALJ erred because this statement implies her belief that pneumoconiosis is always progressive, and it is the ALJ's statement, rather than Dr. Fino's, that is contrary to the Preamble.

Employer's argument is without merit. The ALJ did not explicitly discredit Dr. Fino's opinion based on this conflict with the Preamble. Moreover, in the Preamble, the Department clearly rejected Dr. Fino's opinion that pneumoconiosis is not latent or progressive, and cited medical studies supporting its position. Although the Preamble does not state that pneumoconiosis is always progressive, the Department retained its regulatory provisions specifying that pneumoconiosis is latent and progressive. In his deposition, Dr. Fino explained

6

that he believed pneumoconiosis can be progressive, but only in a small portion of miners, "maybe 10 to 15 percent at most, but it clearly can be progressive." (J.A. 177). The ALJ properly evaluated Dr. Fino's opinion.

Employer finally argues that the ALJ applied a more demanding standard of review to the opinions of employer's physicians than she applied to claimant's physicians, particularly regarding the existence of legal pneumoconiosis. We disagree. Once the § 921(c)(4) presumption was invoked, employer bore the burden of establishing that Dykes did not suffer from pneumoconiosis or that his disability was not caused by pneumoconiosis. Thus, the ALJ's focus on the opinions of Doctors Fino and Castle was appropriate. Indeed, she relied on their opinions to find that the evidence supported a diagnosis of bronchial asthma. She properly found, however, that their opinions fell short of establishing that Dykes' coal dust exposure was not a contributing factor in his disabling respiratory impairment because both doctors acknowledged that Dykes could suffer from pneumoconiosis and asthma.

Our review of the record discloses that the Board's decision is based upon substantial evidence and is without reversible error. Accordingly, we deny the petition for review. We dispense with oral argument because the facts and legal

7

contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

PETITION DENIED